IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARC SAUNDERS,                                    11-CV-256-BR

       Plaintiff,

                              ORDER

v.

VERIZON COMMUNICATIONS, INC.,

       Defendant.


**DANNY L. HITT**
Hitt Hiller & Monfils, LLP
411 S.W. 2nd Avenue
Suite 400
Portland, OR 97204
(503) 228-8863

       Attorneys for Plaintiff

**ROMAN D. HERNANDEZ**
**SHARON E. RYE**
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 S.W .Fifth Avenue
Portland, OR 97204
(503) 222-9981

       Attorneys for Defendants

1 - ORDER

**BROWN, Judge.**

On December 14, 2010, Plaintiff Marc Saunders filed a negligence action against Defendant Verizon Communications, Inc., in Washington County Circuit Court.  Plaintiff served Defendant with the Summons and Complaint on February 1, 2011.  On March 1, 2011, Defendant removed the matter to this Court on the basis of diversity jurisdiction.

For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  The Ninth Circuit has made clear that diversity must be established "as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2001).  For purposes of diversity juris-diction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  *See also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

In its Notice of Removal, Defendant asserts Verizon Communications is not the proper Defendant in this matter because it is a subsidiary company of Verizon Northwest, Inc.  Defendant also notes on July 1, 2010, Verizon Northwest was acquired by Frontier Communications Northwest, Inc.  Under *Strotek*, therefore, Defendant must establish Plaintiff and Frontier

Communications were diverse on March 1, 2011, the date on which Defendant removed this matter.  In its Notice of Removal, however, Defendant alleges only that Frontier is a "Washington corporation."  Defendant does not make any allegations as to Frontier's principal place of business.

As noted, a corporation is a citizen of any state where it is incorporated *and* of the state where it has its principal place of business.  On this record, the Court cannot determine whether the parties were completely diverse at the time the state-court complaint was filed and this matter was removed because the record does not reflect Frontier's principal place of business.

Accordingly, the Court **DIRECTS** Defendant to file a certification by **March 17, 2011,** setting out the basis for diversity jurisdiction, including the principal place of business of Frontier.

IT IS SO ORDERED.

DATED this 9th day of March, 2011.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District


3 - ORDER